IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BEATRICE BOYER, LARRY TRUDO,
BARBARA A. BRUCE, MICHAEL COLLINS,
BARB COLLINS, JOYCE DAVIS,
MARDYNE DAVIS, MARK DILLEY,
MELINDA DILLEY, ELWYN ECKER,
MARY ECKER, CAROL EVERETT,
JAMES GERRISH, RITA GERRISH,
BILL HAFFELE, TANYA HAFFELE,
JEAN IRISH, KENNETH R. IRISH,
BRIAN N. JAMES, MR. & MRS. JEIDY,
JOANNE F. KIELER, MR. KIELER,
MR. &MRS. THERESA KLEMA,
DIANE KUMAN, MR. & MRS. LARKIN,
MR & MRS. DARLENE MAAHS,
DENISE K. FULLER, GLENN E. MARSHALL,
DAN MARTIN, MARY MARTIN,
DOUGLAS & MARIAN MILLER,
HOLLIE MOORE, WESLEY C. MORSE,
KATHRYN S. PETERS, PAMELA PETERS,
DONALD & EILEEN SCHIFFMAN,
JOAN SEDLMAYR, MARCIA STILWELL,
MICHAEL & CAROL STONER, LAWRENCE TAFT,
LOIS TIMMERMAN, SUSAN HOLLENBECK,
GORDON TROWBRIDGE, MARY LOU TROWBRIDGE,
DON WALZ, MARY WALZ, ARNOLD WELLS,
ELAINE WELLS, PAUL JACKLEY, RUTH JACKLEY,
ROBERT PETERSON, JEFFREY R. MEZERA
and JULIE MEZERA,

ORDER

Plaintiffs,

14-cv-260-bbc

v.

BNSF RAILWAY COMPANY,

Defendant.

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The plaintiffs in this case are property owners in Bagley, Wisconsin who allege that their properties were damaged by a flood in 2007 as a result of defendant BNSF Railway Company's negligence in maintaining a trestle near the village.  Two motions are now before the court:  (1) defendant's motion to dismiss the case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, dkt. #34; and (2) defendant's motion to sanction plaintiffs for filing the case, dkt. #37.

Before I can decide those motions, I must resolve a threshold question about subject matter jurisdiction.  Sinochem International Co. Ltd. v. Malaysia International Shipping Corp., 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction.").  When defendant removed the case from state court, it relied on 28 U.S.C. § 1332 as a basis for jurisdiction, which requires diversity of citizenship between the plaintiffs and defendants and an amount in controversy greater than $75,000.  In its notice of removal, defendant alleges that "[e]ach plaintiff resides in one of the following states:  Arizona, Florida, Illinois or Wisconsin."  Dkt. #1 at 2.  Defendant cites an attachment to the complaint that lists each of the plaintiffs, along with an address.  In addition, defendant alleges that it is "a Delaware corporation with a Texas principal place of business."  Id.

Plaintiffs do not allege expressly that the listed addresses are their residences, but even if I assume that they are, that would not be enough to satisfy § 1332.  The Court of Appeals for the Seventh Circuit has stated in numerous cases that allegations about residency are not

2

enough to prove an individual's citizenship; rather, the important question is where the party is "domiciled," which is "the state in which [she] intends to live over the long run." Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). See also In re Sprint Nextel Corp., 593 F.3d 669, 673-74 (7th Cir. 2010) ("[B]eing a resident isn't the same thing as being a citizen, that is to say, a domiciliary . . . . [A] court may not draw conclusions about the citizenship of [parties] based on things like their phone numbers and mailing addresses."). Plaintiffs do not say in their complaint where they are domiciled and defendant does not cite any other evidence in its notice of removal.

As the proponent of jurisdiction, defendant has the burden to show that subject matter jurisdiction is present. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, I will give defendant an opportunity to file supplemental materials showing that the parties' have diverse citizenship. (Defendant need not supplement its allegations about the amount in controversy because it is reasonable to infer from the allegations in the complaint that at least one of the plaintiffs has a claim worth more than $75,000.) If defendant does not make that showing, I will remand the case to state court. (Defendant removed the case from state court in Arkansas to federal court in Arkansas before the case was transferred to Wisconsin. In Allied Signal Recovery Trust v. Allied Signal, Inc., 298 F.3d 263, 270 (3d Cir. 2002), the court held that a district court should remand a case to the court from which it was removed, even if that court is in another state. If I conclude that the case must be remanded, I will follow the lead of Allied Signal unless either side shows that Allied Signal is wrong.)

3

ORDER

IT IS ORDERED that defendant BNSF Railway Company may have until August 13, 2014, to show that jurisdiction is present under 28 U.S.C. § 1332.  If defendant does make that showing, I will remand the case to the state court in Arkansas.

Entered this 30th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4