IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BEATRICE BOYER, LARRY TRUDO,
BARBARA A. BRUCE, MICHAEL COLLINS,
BARB COLLINS, JOYCE DAVIS,
MARDYNE DAVIS, MARK DILLEY,
MELINDA DILLEY, ELWYN ECKER,
MARY ECKER, CAROL EVERETT,
JAMES GERRISH, RITA GERRISH,
BILL HAFFELE, TANYA HAFFELE,
JEAN IRISH, KENNETH R. IRISH,
BRIAN N. JAMES, MR. & MRS. JEIDY,
JOANNE F. KIELER, MR. KIELER,
MR. & MRS. THERESA KLEMA,
DIANE KUMAN, MR. & MRS. LARKIN,
MR & MRS. DARLENE MAAHS,
DENISE K. FULLER, GLENN E. MARSHALL,
DAN MARTIN, MARY MARTIN,
DOUGLAS & MARIAN MILLER,
HOLLIE MOORE, WESLEY C. MORSE,
KATHRYN S. PETERS, PAMELA PETERS,
DONALD & EILEEN SCHIFFMAN,
JOAN SEDLMAYR, MARCIA STILWELL,
MICHAEL & CAROL STONER, LAWRENCE TAFT,
LOIS TIMMERMAN, SUSAN HOLLENBECK,
GORDON TROWBRIDGE, MARY LOU TROWBRIDGE,
DON WALZ, MARY WALZ, ARNOLD WELLS,
ELAINE WELLS, PAUL JACKLEY, RUTH JACKLEY,
ROBERT PETERSON, JEFFREY R. MEZERA
and JULIE MEZERA,

                                                                                                OPINION and ORDER

                Plaintiffs,

                                                                                               14-cv-260-bbc

      v.

BNSF RAILWAY COMPANY,

                Defendant.

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The plaintiffs in this case are property owners in Bagley, Wisconsin who allege that their properties were damaged by a flood in 2007 as a result of defendant BNSF Railway Company's negligence in maintaining a trestle near the village. Defendant has moved to to dismiss the case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, dkt. #34, and to sanction plaintiffs for filing the case, dkt. #37.

In its motion to dismiss, defendant argues that this case is barred under the doctrine of claim preclusion in light of a previous case arising out of the same events as this case. Alternatively, defendant argues that plaintiffs' claims are barred by Wis. Stat. § 88.87. In its motion for sanctions, defendant argues that sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 are appropriate because plaintiffs' claims are frivolous. I am granting defendant's motion to dismiss because plaintiffs' claims are barred by Wis. Stat. § 88.87, but I am denying defendant's motion for sanctions because I cannot say that plaintiffs' claims are legally frivolous.

## OPINION

### A. Jurisdiction

In an order dated July 31, 2014, I concluded that I could not resolve defendant's motion to dismiss without additional information on the question whether subject matter jurisdiction is present. When defendant removed the case from state court, it relied on 28 U.S.C. § 1332 as a basis for jurisdiction. Under that statute, the proponent of jurisdiction

2

must show that the amount in controversy is greater than $75,000 and that the plaintiffs and defendants are citizens of different states. Although it was reasonable to infer from the allegations in the notice of removal that the amount of controversy was greater than $75,000, defendant had not provided enough information to determine plaintiffs' citizenship. Because federal courts have an independent obligation to insure that subject matter jurisdiction is present in every case even when the parties do not raise the issue, DeBartolo v. Healthsouth Corp., 569 F.3d 736, 740 (7th Cir. 2009), I gave defendant an opportunity to supplement its jurisdictional allegations.

In response, defendant filed a motion to serve discovery requests on plaintiffs related to jurisdiction and to extend the time to supplement its jurisdictional allegations. Dkt. #53. Plaintiffs opposed that motion, but before the court ruled on it, defendant filed supplemental evidence regarding plaintiffs' citizenship. Dkt. #55. In addition, defendant moved to strike plaintiffs' opposition brief as untimely. Dkt. #58.

In its amended notice of removal, defendant alleges that each of the plaintiffs is a citizen of Wisconsin, Arizona, Florida, Iowa, Illinois or Missouri and defendant is a citizen of Delaware and Texas. Although plaintiffs did not object to defendant's original notice of removal, they object vigorously now, arguing that defendants have failed to show adequately that each of the plaintiffs intends to remain in a particular state, as is required to prove state citizenship. Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). However, defendant has cited records related to property taxes, mortgages, vehicle registration, voting registration, professional licenses and state permits, which are the type

of records that the Court of Appeals for the Seventh Circuit has accepted to prove citizenship. Muscarello v. Ogle County Board of Commissioners, 610 F.3d 416, 424 (7th Cir. 2010); Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008). Particularly because this case is still at the pleading stage and plaintiffs have cited no contrary evidence, I conclude that defendant has made an adequate showing that plaintiffs' and defendant's citizenship is diverse. Medical Assurance Co., Inc. v. Hellman, 610 F.3d 371, 376 (7th Cir. 2010) (requiring lesser showing of diversity at pleading stage).

Alternatively, plaintiffs object to defendant's amended notice of removal as untimely, but that objection is disingenuous in light of plaintiffs' failure to challenge defendant's jurisdictional allegations until now. In any event, defendant provided additional evidence of diversity at the request of the court, in accordance with 28 U.S.C. § 1653. Because I conclude that defendant's amended notice of removal is sufficient, I am denying as moot defendant's motion for an extension of time and its motion to strike plaintiffs' opposition brief.

B. Merits

In its motion to dismiss, defendant relies on Irish v. BNSF Railway Company, No. 08-cv-469-bbc (W.D. Wis.), as the basis for its argument that this case is barred under the doctrine of claim preclusion. Originally, Irish was a proposed class action brought on behalf of all Bagley property owners who had been injured in the 2007 flood. The plaintiffs later dropped all class allegations, leaving several individual plaintiffs. The plaintiffs asserted

4

claims for negligence, nuisance and violations of Wis. Stat. §§ 88.87, 190.08 and 195.27, alleging that defendant "failed to properly and adequately plan, design, construct, guard, inspect, investigate, clean and maintain the Burlington Trestle beneath the BNSF Railway Bridge crossing over Glass Hollow Drain located in or near the Village of Bagley, thereby resulting in obstruction of the Burlington Trestle by silt, debris and other obstructions." Am. Cpt. ¶ 5, dkt. #58.

In an order dated October 21, 2010, dkt. #75, I granted defendant's motion to dismiss on the ground that Wis. Stat. § 88.87 provided the exclusive remedy for property owners in the plaintiffs' situation and the plaintiffs admitted that they did not follow the procedures necessary to bring a claim under § 88.87. I rejected the plaintiffs' argument that § 88.87 did not apply to railroad companies.

In a motion for reconsideration, the plaintiffs raised new arguments that they had complied with the requirements for bringing a claim under Wis. Stat. § 88.87. In addition, they sought leave to amend their complaint to assert a claim under federal common law. In an order dated January 6, 2011, dkt. #89, I concluded that the plaintiffs had forfeited these arguments by failing to raise them sooner and I directed the clerk of court to enter judgment in favor of defendant.

On appeal, the plaintiffs argued for the first time that the scope of Wis. Stat. § 88.87 was limited to negligent *construction* claims, so that § 88.87 did not affect the plaintiffs' claims for negligent *maintenance* of the trestle. The Court of Appeals for the Seventh Circuit seemed dubious of this claim, stating that "[t]he Wisconsin appellate court's decision in

5

Pruim v. Town of Ashford, 168 Wis. 2d 114, 483 N.W.2d 242, 244–45 (App. 1992), indicates that this is exactly the sort of claim to which section 88.87 applies." Irish v. BNSF Ry. Co., 674 F.3d 710, 713 (7th Cir. 2012). However, the court declined to resolve the appeal on the merits, instead holding that the plaintiffs had forfeited the argument by failing to develop it in the district court. Id. at 714-16.

Although plaintiffs cite some federal cases, they do not dispute defendant's contention that Wisconsin law on claim preclusion should apply because this case involves the preclusive effect of a judgment by a federal court in Wisconsin exercising diversity jurisdiction. Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001) (under federal common law, federal diversity judgment is to be accorded same preclusive effect that would be applied by state courts in state in which federal diversity court sits). See also Allan Block Corp. v. County Materials Corp., 512 F.3d 912, 915 (7th Cir. 2008) ("Wisconsin law rather than federal law should govern the issue of res judicata because the judgment that is claimed to operate as res judicata in this suit was rendered in a diversity suit."). Under Wisconsin law, claim preclusion applies if there is (1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction. Wisconsin Public Service Corp. v. Arby Construction, Inc., 2012 WI 87, ¶ 35, 342 Wis. 2d 544, 557, 818 N.W.2d 863, 870.

There is no dispute that the second and third elements of claim preclusion are met in this case. There was a final judgment on the merits in Irish and the claims in this case

arise out of the same events as those in Irish.  Further, plaintiffs do not respond to defendant's argument that the claims of Kenneth Irish, Denise Fuller and Hollie Moore should be barred because they were parties in Irish, so I conclude that the complaint should be dismissed as to the claims of those three plaintiffs.  The dispute is whether the plaintiffs who were not parties in Irish are in "privity" with those who were.

"To be in privity the parties must be so closely aligned that they represent the same legal interest.  A litigant has a sufficient identity of interest with a party to a prior proceeding if the litigant's interests in the prior case can be deemed to have been litigated." Paige K.B. ex rel. Peterson v. Steven G.B., 226 Wis. 2d 210, 226, 594 N.W.2d 370, 378 (1999) (internal quotations and citations omitted).  In this case, defendant's position seems to be that all plaintiffs in this case are in privity with the plaintiffs in Irish because they are raising the same claims and because one of the plaintiffs' lawyers in Irish is representing the plaintiffs in this case.  However, defendant does not explain how the plaintiffs in Irish could have represented the interests of the plaintiffs in this case who were not parties in Irish. Because Irish was not a class action, the plaintiffs in Irish did not have standing to seek relief for other property owners who were not plaintiffs.  Thus, even if the plaintiffs in Irish had prevailed, any other property owner would have had to bring her own case against defendant to assert her own interests.  If I accepted defendant's argument, it would mean that all property owners would have been forced to join Irish or forever forfeit their rights. Particularly because there is no indication that many property owners were even *aware* of Irish, that would not be a fair result.

Defendant's argument on the merits is stronger. The issue is whether Wis. Stat. § 88.87 bars a common law claim against a railroad company for failing to maintain a trestle. When the statute applies, it limits a property owner's potential relief to an inverse condemnation proceeding and equitable relief. Wis. Stat. § 88.87(2)(c). (Plaintiffs are not seeking to bring a claim *under* § 88.87 or any other statute, so I need not consider whether those claims would be viable.)

At this point, plaintiffs seem to concede that § 88.87 bars claims against a railroad for negligent construction of a trestle, but they argue that "there is no 'clearly expressed' legislative intent to preempt the Plaintiffs' common law claims based on the defendant's negligent inspection and maintenance of the Burlington Northern Trestle." Plts.' Br., dkt. #44, at 11. This is the same argument that the Irish plaintiffs made to the Court of Appeals for the Seventh Circuit. As noted above, the court of appeals did not issue a ruling on the question whether Wis. Stat. § 88.87 barred claims for negligent maintenance, but the court was skeptical of that argument in light of Pruim. In Pruim, a property owner brought a nuisance action, alleging that a town had negligently constructed and maintained a highway, leading to property damage after a rainstorm. The plaintiff argued that § 88.87 "was not meant to preempt his common law claims. [Rather, the statute is a] mere additional remedy, statutorily provided by the legislature, to act as an adjunct to common law remedies like the nuisance action." Pruim, 168 Wis. 2d at 120, 483 N.W.2d at 244. The court rejected this argument, holding that § 88.87 "preempts claims for relief other than those stated in the statute." Pruim, 168 Wis. 2d at 117, 483 N.W.2d at 243.

8

Plaintiffs argue that Pruim is limited to "continuing nuisance" claims caused by faulty construction. Pruim's holding, plaintiffs say, reflects the legislature's concern about "repeated" lawsuits:

> It is obvious that initial faulty construction which disturbs the natural flow of water has the potential for repeated flooding and, consequently, repeated claims for damage arising from the continuing nuisance created by that faulty construction. The legislative intent was to require property owners affected by such a condition to bring an action for inverse condemnation or 'such other relief' as will effectively remedy the continuing nuisance 'once and for all.'"

Plts.' Br., dkt. #44, at 13.

Plaintiffs' argument is not persuasive. To begin with, it is not clear why a failure to maintain the railroad properly is any less susceptible to repeated damages actions than a failure to construct the railroad properly. Thus, to the extent plaintiffs are correct about the purpose of § 88.87, the distinction they are attempting to make between the two types of claims seems arbitrary.

Further, plaintiffs are misreading Pruim. Although the claim at issue in Pruim was nuisance, the court referred generally to "common law claims" and stated that the purpose of § 88.87 is "to regulate and control strictly the types of claims that may be made by property owners against governmental entities regarding highway construction and repair." The court did not state that § 88.87 preempted some common law claims but not others.

Even if Pruim is not controlling, plaintiffs' argument is not persuasive as a matter of statutory construction. The duty imposed by the statute is set forth in section 88.87(2)(a):

> Whenever any county, town, city, village, railroad company or the department of transportation has heretofore constructed and now maintains or hereafter constructs and maintains any highway or railroad grade in or across any

marsh, lowland, natural depression, natural watercourse, natural or man-made channel or drainage course, it shall not impede the general flow of surface water or stream water in any unreasonable manner so as to cause either an unnecessary accumulation of waters flooding or water-soaking uplands or an unreasonable accumulation and discharge of surface waters flooding or water-soaking lowlands. . . .

The remedy for a violation of subsection (2)(a) is set forth in subsection (2)(c):

If a city, village, town, county or railroad company or the department of transportation constructs and maintains a highway or railroad grade not in accordance with par. (a), any property owner damaged by the highway or railroad grade may, within 3 years after the alleged damage occurred, file a claim with the appropriate governmental agency or railroad company. . . . If the agency or company denies the claim or fails to take any action within 90 days after the filing of the claim, the property owner may bring an action in inverse condemnation under ch. 32 or sue for such other relief, other than damages, as may be just and equitable.

Both of these provisions refer to construction *and* maintenance of a railroad grade, so I see no basis for limiting the scope of § 88.87 to negligent construction. In support of a contrary reading, plaintiffs say that "the reference in subs. (2)(a) of the statute to 'constructed and now maintains' and 'constructs and maintains' must be read to refer simply to that entity which has authority over the highway or railroad grade at the time of the claimed damage. Plts.' Br., dkt. #44, at 13. Plaintiffs do not explain what they mean by this, but my understanding of their argument is that subsection (2)(a) is limited to negligent construction claims and applies only if the entity that constructed the railroad is the same entity that now maintains the railroad. However, plaintiffs do not explain the purpose that such a limitation would serve and they point to no statutory text that supports it.

The better reading of subsection (2)(a) is that it applies to any act by the railroad company related to the railroad grade that "impede[s] the general flow of surface water or

10

stream water in any unreasonable manner so as to cause either an unnecessary accumulation of waters flooding or water-soaking uplands or an unreasonable accumulation and discharge of surface waters flooding or water-soaking lowlands." In other words, the important question is whether there is an allegation that the railroad caused damage by impeding water flow; it does not matter whether the cause was faulty construction rather than faulty maintenance.

To the extent § 88.87(2)(a) leaves any room for doubt, it is resolved by § 88.87(2)(c), which says that a property owner may bring a claim if the "railroad company . . . constructs and maintains a highway or railroad grade not in accordance with par. (a)." In other words, if the railroad company has impeded water flow in a manner prohibited by § 88.87(2)(a), then the statute applies, regardless whether the problem is construction or maintenance. Plaintiffs' distinction between "construction" and "maintenance" is simply not supported by the statutory text.

Plaintiffs point to several passages in the introductory section of the statute that discuss "construction" but not "maintenance." E.g., Wis. Stat. § 88.87(1) ("It is recognized that the construction of highways and railroad grades must inevitably result in some interruption of and changes in the pre-existing natural flow of surface waters. . ."). However, the same provision states that "it is necessary to control and regulate the construction *and drainage* of all highways and railroad grades." Id. (emphasize added). Obviously, drainage problems could be caused by faulty construction or faulty maintenance, so § 88.87(1) is not evidence that the legislature viewed the scope of the law as narrowly as plaintiffs do.

Finally, plaintiffs argue that, if Wis. Stat. § 88.87 preempts their common law claims, the statute violates article I, section 9 of the Wisconsin Constitution, which states that "[e]very person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character." However, it is well-established that article I, section 9 is about access to courts, not obtaining a particular legal remedy. New York Life Insurance Co. v. State, 192 Wis. 404, 211 N.W. 288, 291 (1926); Vandervelden v. Victoria, 177 Wis. 2d 243, 252, 502 N.W.2d 276, 279 (Ct. App. 1993). Plaintiffs cite no instance in which a court relied on article I, section 9 to invalidate a statute. In any event, § 88.87 does not deny all remedies to property owners, but limits remedies to those provided in the statute. Accordingly, I am granting defendant's motion to dismiss.

However, I am denying defendant's motion for sanctions. As noted above, defendant has not shown that claim preclusion should apply to the vast majority of plaintiffs in this case. Although I agree with defendant that § 88.87 bars plaintiffs' claims, I cannot go so far as to say that plaintiffs' claims are frivolous.

ORDER

IT IS ORDERED that

1. Defendant BNSF Railway Company's motion to dismiss, dkt. #34, is GRANTED.

2. Defendant's motion for sanctions, dkt. #36, is DENIED.

3. Defendant's motion to serve jurisdictional discovery requests and for an extension of time, dkt. #53, is DENIED as moot.

    4.  Defendant's motion to strike, dkt. #58, is DENIED as moot.

    5.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

    Entered this 28th day of August, 2014.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge